UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AUTOMOTIVE FINANCE CORPORATION, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-1793-LJM-WTL |
| | ) | |
| AUTO MAX, ALIREZA A. BARGHISAVAR, | ) | |
| FARSHID BARGHISAVAR, and | ) | |
| MAHSHID BARGHISAVAR, | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' MOTION TO SET ASIDE DEFAULT JUDGMENT**

A Default Judgment was entered against all four defendants, Auto Max, Alireza A. Barchisavar ("Alireza"), Farshid Barghisavar ("Farshid"), and Mahshid Barghisavar ("Mahshid") (collectively, "Defendants'), in this case on June 4, 2007. Suit on a promissory note in Count I and the ensuing lack of response by the defendant resulted in the entry of judgment against defendant Auto Max in the amount of $418,140.68 plus post judgment interest. Suit on the guarantees on the note and the ensuing lack of response resulted in the entry of judgment on Count II against Alireza, Farshid and Mahshid in the amount of $418,140.68 plus post judgment interest. Judgment was entered on Count III against all four defendants in the amount of $626,610.21.

On July 26, 2007, the defendants moved to set aside the default on the grounds that their Nevada lawyer had notified the Plaintiff's lawyers in Indiana that they were going to hire local counsel. In addition defendant Farshid alleges that he only guaranteed $130,000.00 of the note and defendant Mahshid alleges that she did not guarantee anything. Defendants all assert that Alireza is in bankruptcy and that any action against him should be stayed. Further, as to Count III,

defendants assert that Alireza ran the business and that neither Farshid nor Mahshid had any business dealings with Alireza.

In the response to the instant motion, plaintiff, Automotive Finance Corporation ("AFC") points out that a motion under Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") such as the one filed by Defendants "is an extraordinary remedy and is granted only in exceptional circumstances." *Dickerson v. Bd. of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994). Defendants must make a showing of "good cause" in order for the default judgment to be vacated. "The entry of a default judgment can be vacated under Rule 60(b) if a party shows (1) good cause for its default; (2) quick action to correct it; and (3) a meritorious defense." *Zuelzke Tool & Eng'g Co. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 229 (7th Cir. 1991).

Defendants have failed to show good cause to vacate the default. The attempt by Nevada counsel to notify counsel for AFC that an attempt was being made to hire local counsel can not halt the clock. No further follow up by Nevada counsel was done until almost two months after the default was entered. Under some circumstances a delay of two months would not be of concern. Here, however, Defendants' Nevada counsel was aware of the need for action and simply took none.

Defendants urge that they have a meritorious defense. Farshid contends that he has guaranteed only $130,000.00, while Mahshid contends that she did not sign any guarantees. Neither Auto Max nor Alireza have offered any defense. The Unconditional and Continuing Guarantee dated November 15, 2005 attatched as Exhibit 4 to the Complaint shows the notarized signatures of both Farshid and Mahshid. Similarly the Amendment executed February 22, 2006, is signed by Farshid and Mahshid and notarized. It should be noted that neither have denied under oath that these signatures are in fact theirs. It should also be noted that no reply to ABC's response to the instant motion has been filed.

defendants assert that Alireza ran the business and that neither Farshid nor Mahshid had any business dealings with Alireza.

In the response to the instant motion, plaintiff, Automotive Finance Corporation ("AFC") points out that a motion under Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") such as the one filed by Defendants "is an extraordinary remedy and is granted only in exceptional circumstances." *Dickerson v. Bd. of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994). Defendants must make a showing of "good cause" in order for the default judgment to be vacated. "The entry of a default judgment can be vacated under Rule 60(b) if a party shows (1) good cause for its default; (2) quick action to correct it; and (3) a meritorious defense." *Zuelzke Tool & Eng'g Co. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 229 (7th Cir. 1991).

Defendants have failed to show good cause to vacate the default. The attempt by Nevada counsel to notify counsel for AFC that an attempt was being made to hire local counsel can not halt the clock. No further follow up by Nevada counsel was done until almost two months after the default was entered. Under some circumstances a delay of two months would not be of concern. Here, however, Defendants' Nevada counsel was aware of the need for action and simply took none.

Defendants urge that they have a meritorious defense. Farshid contends that he has guaranteed only $130,000.00, while Mahshid contends that she did not sign any guarantees. Neither Auto Max nor Alireza have offered any defense. The Unconditional and Continuing Guarantee dated November 15, 2005 attatched as Exhibit 4 to the Complaint shows the notarized signatures of both Farshid and Mahshid. Similarly the Amendment executed February 22, 2006, is signed by Farshid and Mahshid and notarized. It should be noted that neither have denied under oath that these signatures are in fact theirs. It should also be noted that no reply to ABC's response to the instant motion has been filed.

All that has been offered in support of the Defendants' position that a meritorious defense exists are general denials and conclusory statements that conflict with the exhibits filed. This will not suffice to establish that a meritorious defense exists.

Alireza has only now notified ABC and this Court of his bankruptcy discharge of June 21, 2007. Plaintiff is not listed on the bankruptcy schedule. Thus, there is no violation of any automatic stay and the bankruptcy proceedings and the ultimate discharge are of no moment to this Court.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Set Aside Default Judgment is **DENIED**.

IT IS SO ORDERED this 13th day of September, 2007.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to:

David J. Jurkiewicz
Bose McKinney & Evans, LLP
djurkiewicz@boselaw.com

Carina M. de la Torre
Bose McKinney & Evans, LLP
cdelatorre@boselaw.com

Richard A. Mann
rmann@richardmann-lawoffice.com